UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| S3G TECHNOLOGY LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. W-24-CV-00395-OLG-DTG |
| DOMINO'S PIZZA LLC, | § § § | |
| Defendant. | § § § | |

**ORDER ON MOTION TO EXTEND VENUE DISCOVERY
AND RESPONSE TO THE MOTION TO DISMISS (ECF NO. 16)**

Before the Court is Plaintiff's Motion to Extend Venue Discovery and Response to the Motion to Dismiss (ECF No. 16). The Motion has been fully briefed, and the Court heard oral argument at the March 27, 2025 at the Initial Pretrial Conference. For the reasons that follow, the Court **GRANTS** the Motion.

Plaintiff seeks an extension of the venue discovery deadline to take the deposition of Domino's venue declarant and a corporate representative. Defendant argues that Defendant was not diligent in scheduling the depositions because Plaintiff waited to serve deposition notices until two days before the close of venue discovery. The depositions were agreed to by the parties before the notices were served. ECF No. 18 at 1 n.1. At the Status Conference, Plaintiff noted that one individual would likely serve as both the venue declarant and corporate witness, necessitating only one deposition. All other venue discovery has been completed.

The Court finds good cause exists for Plaintiff to take the necessary depositions. There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the

importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure any prejudice. *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). While Plaintiff could have served the deposition notices earlier, Plaintiff's delay was reasonable. The parties exchanged venue interrogatories and engaged in settlement discussions. ECF No. 16 at 1. The information sought by the depositions is important and will assist the Court in adjudicating Defendants' Motion. Defendants also failed to identify significant prejudice created by allowing the depositions. Fact discovery is otherwise stayed and there is sufficient time decide Defendants' Motion before the *Markman* hearing scheduled for November 4, 2025. ECF No. 28. No continuance is necessary.

The Court finds good cause exists and **GRANTS** Plaintiff's Motion to extend the deadline for venue discovery to allow for Plaintiff to take the two depositions. The Court also **ORDERS** the parties to meet and confer and to submit a briefing schedule for the Motion to Dismiss for Improper Venue (ECF No. 13) by **April 3, 2025.**

**IT IS SO ORDERED this** 28th day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE